## ALPHEUS SANFORD *vs.* LEWIS B. HODGES.

In an action against Lewis B. Hodges, upon a judgment recovered against Lewis Hodges, the production of a copy of the writ with the officer's return of personal service thereon in the original action, supported by the officer's testimony that he served it on this defendant, is sufficient evidence of the defendant's identity, without producing the original writ.

ACTION OF CONTRACT upon a judgment recovered by the plaintiff against Lewis Hodges. At the trial in the court of common pleas, the plaintiff offered a copy of the writ, declaration, officer's return of personal service, and judgment by default in the action in which the judgment now sued on was recovered; and, to show that Lewis B. Hodges and Lewis Hodges were one and the same person, called the officer who served both writs, who testified that he knew the defendant, and that he was the same person on whom he served the first writ. The defendant objected to this testimony, unless the first writ was produced. But *Briggs,* J. overruled the objection. The original writ was not produced, and no other evidence of its contents was offered, except as shown in the copy. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. Brown,* for the defendant.

*E. Ames & J. B. Sanford,* for the plaintiff.

METCALF, J. A copy of the writ and the officer's return of the service thereof, in the action in which the judgment now in suit was recovered, was produced at the trial of the present action; and the officer testified that he served that writ upon this defendant. This testimony, if believed by the jury, sufficiently proved the averment in this declaration, that the plaintiff recov-

ered that judgment against this defendant by the name of Lewis Hodges. *Root* v. *Fellowes*, 6 Cush. 29. That case is decisive of this. See also *Wood* v. *Le Baron*, 8 Cush. 474.

*Exceptions overruled.*